WILLIAM JENKINS AND FRANK L. SELLACK, TRUSTEES OF THE LAST
WILL AND TESTAMENT OF WILLIAM RILEY, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed April 26, 1921.*

INHERITANCE TAX—*when claimant entitled to a refund.* Sec. 25. There
being no dispute as to the facts and the law governing this claim, the
Court enters an award in favor of claimant for refund of inheritance tax
under Section 25, Inheritance Tax Law.

Edward J. Brundage, Attorney General, for State.

This is a claim for refund of inheritance taxes under section ·25,
Inheritance Tax Laws. William Riley Sellack died January 1st, 1915,
leaving a will which was admitted to probate in Cook County, Illinois,
and claimants were appointed executors, and are now trustees. De-
ceased left surviving him J. Oscar Sellack and Albert R. Sellack, his
brothers, and his only heirs at law him surviving, which heirship was
duly proven.

The 5th paragraph of the will bequeathed in trust to the two said
brothers, or the surviving brother, as long as they should live, or the
survivor should live the residue of his estate to be held in trust by said
trustees for the benefit of said brother or brothers of the survivor; and
at the death of the last of said brothers, the residue of the estate to be
sold and the proceeds divided among his heirs at law, in equal parts,
with the understanding that Bertie B. Tower, of Ottumwa, Ia., shall
share equally in said residue with the said heirs at law.

Albert R. Sellack died May 4, 1916, leaving one child, namely,
Frank L. Sellack, as his only child and only heir at law, him surviving;
and in November, 1919, said J. Oscar Sellack died, leaving only one
child, namely, Georgiana Adella Sellack Clark, the wife of George Clark,
and leaving no other heirs at law. By the death of said two brothers,
and by virtue of the provision of said will, the said Frank L. Sellack,
Georgiana Adella Sellack Clark, as heirs as aforesaid together with
Bertie B. Tower, stranger, sharing as an heir at law because vested with
the entire beneficiary interest in the said property of said estate.

The personal property of said first named decedent, was appraised
at $163.00 and approved; adjustment of claims had and all claims and
costs paid and the residue of the property delivered to the several le-
gatees. In due time, an order was made and entered by the County
Judge of Cook County, taxing said residuary estate one thousand five
hundred forty-seven and 67/100 dollars (after the certain life estates
therein named) under and by virtue of section 25 of the Inheritance

Tax Law, that amount being the greatest tax possible upon the happening of any of the contingencies to which said remainder was subject by the terms of the will. Said tax at the rate of 6% per annum from date of decedent's death was paid into the County Treasury of Cook County, April 18, 1916, the total payment being $1,668.40. In February, A. D. 1921, proceedings were heard in the Court reassessing the tax on said remainder in the light of the conditions existing upon the termination of the said particular estates, and the total tax so assessed was $812.21, including interest to date of payment, and which amount is claimed to be due claimants as referred to aforesaid. Inasmuch as the amount claimed by claimants is admitted by the Attorney General, it is unnecessary to go into the details of the case further.

An award therefrom is made in favor of claimants in the sum of $856.19, with 3% interest thereon per annum from April 18th, 1916.